Jasen, J.
(dissenting). The majority holds that Local Law No. 1 of 1978, enacted by the Monroe County Legislature, curtails the power of elective county officers, to wit: the county legislators themselves, by amending the county charter *296 to provide that the county manager shall serve at the pleasure of the county legislature, rather than, as previously provided, for a fixed four-year term of office, from which the incumbent was removable only for cause. As a consequence of this conclusion, the majority affirms the orders of the Appellate Division holding Local Law No. 1 unconstitutional because of its failure to provide for a permissive referendum. (See NY Const, art IX, § 1, subd [h], par [2]; Municipal Home Rule Law, § 34, subd 4; Monroe County Charter, § 1405.) I disagree, and would reverse the orders of the Appellate Division upon the dissenting opinion of Justices Stewart F. Hancock, Jr., and M. Dolores Denman.
I would add only that, in my view, the majority distorts the intended purpose of the legislative directive it finds applicable today. Section 34 (subd 4) of the Municipal Home Rule Law was designed to insulate elective county officers from a county legislature’s attempt to curtail their powers without the contemporaneous approval of the people. It was not intended, however, to afford similar protection to appointed county officers. Yet the majority places such a gloss upon its terms by holding it applicable to a law which, as a practical matter, curtailed the power of the county manager, an appointed county officer, to the benefit of the county legislature.
To construe Local Law No. 1 as curtailing the power of the county legislature on the theory that any decrease in the power of the county manager effects a concomitant decrease in the power of the county legislature to bind a future legislature is, in my opinion, to place an unwarranted and overly technical construction upon the Municipal Home Rule Law (§ 34, subd 4). Carried to its logical conclusion, such a construction could be urged to require a permissive referendum on any local law amending a county charter for the purpose of removing power from the hands of an appointed county officer. For example, under the majority’s analysis, a local law designed to remove from a county manager, and vest in a county legislature, power over the preparation of the budget would be subject to a permissive referendum, for the simple reason that such legislation would curtail the enacting county legislature’s power to bind a future legislature to a term of office in which it had no control over the preparation of the budget. To so construe the Municipal Home Rule Law (§ 34, subd 4) would effect a transformation of its restriction upon the curtailment of the power of elective county officers to one *297 upon the curtailment of the power of appointed county officers, a result never intended.
Accordingly, I would reverse the orders of the Appellate Division and declare Local Law No. 1 constitutional.